# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00110-CV

**Jon Alan Ashcraft, Appellant**

**v.**

**Estate of Jay Arden Ashcraft and Richard Trachtenberg, Administrator, Appellees**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-10-000318, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On February 14, 2011, Appellant Jon Alan Ashcraft, appearing pro se, filed a notice of appeal from the probate court's declaratory judgment, which was signed on October 6, 2010. On June 8, 2011, pursuant to rule of appellate procedure 42.3, this Court notified Ashcraft that the notice of appeal appeared to be untimely and that his appeal would be dismissed unless he provided information on or before June 20, 2011, to show the jurisdiction of this Court. *See* Tex. R. App. P. 42.3. In response to our letter, Ashcraft informed us that he is incarcerated, the probate court denied his motion for issuance of bench warrant and his motion to participate in the hearing by teleconference, and he did not receive notice of the signing of the judgment until November 15, 2010, more than twenty days after the judgment was signed. Ashcraft further informed us, and the clerk's record confirms, that on November 30, 2010, he filed a motion pursuant

to rule of civil procedure 306a to establish the operative date of the judgment, which he re-urged on January 4, 2011, and January 23, 2011. *See* Tex. R. Civ. P. 306a(5).

Rule 306a of the rules of civil procedure provides that if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, then appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. Tex. R. Civ. P. 306a(4); *see also* Tex. R. App. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must prove in the trial court on sworn motion and notice the date on which the party first received notice of the judgment or acquired actual knowledge of it and that this date was more than twenty days after it was signed. Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2(b). After hearing the motion, the trial court must sign a written order that finds the date when the party first received notice or acquired actual knowledge of the signing of the judgment. Tex. R. App. P. 4.2(c).

The probate court did not rule on Ashcraft's motion. *See* Tex. R. App. P. 4.2(c). Accordingly, we abate this appeal and remand the cause to the probate court to conduct the requisite hearing and to sign an order ruling on Ashcraft's motion. *See id*. After the hearing, the probate court shall cause a supplemental clerk's record with a copy of the order to be filed with this Court. The supplemental clerk's record shall be filed no later than 45 days following the date of this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Abated

Filed:   July 6, 2011